IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12CV681

| | |
|---|---|
| REGINA BOSTON, ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| DIVERSE FUNDING ) | |
| ASSOCIATES, LLC, ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court upon a show cause hearing held on May 9, 2013. Pursuant to a show cause Order entered on April 26, 2013, Ms. Boston was directed to appear and show cause why the Court should not issue a prefiling injunction barring her from filing actions under the FCRA against debt collection companies who obtain her consumer report.

A federal court may issue a prefiling injunction when a litigant's vexatious conduct hinders the court from fulfilling its constitutional duty. *Procup v. Strickland*, 792 F.2d 1069, 1073-74 (11th Cir. 1986) (en banc). In determining whether a prefiling injunction is substantively warranted, a court must weigh the following factors: (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions. *Cromer v. Kraft Foods N. Am., Inc.,* 390 F.3d 812, 818 (4th Cir. 2004).

At the hearing, the Court found that Ms. Boston has a history of filing baseless lawsuits under the FCRA which have become vexatious and harassing, and have served to hinder the

judicial economy and efficiency of the court. Moreover, it appears that Ms. Boston lacks a good faith basis for pursuing this type of litigation, as the Court has ruled on numerous occasions that she fails to state a claim upon which relief can be granted. The only conclusion that can be made is that Ms. Boston continues to file actions without any reasonable expectation of prevailing in order to harass debt collection companies and perhaps extract settlements. These lawsuits have caused needless expense and burden to other parties and to the Court. However, the Court finds that there is a sanction that would serve as an adequate alternative to a prefiling injunction. Ms. Boston may not file any more of these types of lawsuits *in forma pauperis*, but must pay the full filing fee in any case in which she sues a debt collection agency under the FCRA for pulling her credit report.

       IT IS SO ORDERED.

Signed: May 9, 2013

Graham C. Mullen
United States District Judge